BEN T. WRIGHT, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12164.   Promulgated July 5, 1928.

*Donald E. Currier, C. P. A.*, for the petitioner.
*Alva C. Baird, Esq.*, for the respondent.

1150

OPINION.

MARQUETTE: It is the contention of the petitioner that in computing its net income for each of the years 1918 to 1921, inclusive, it is entitled to deduct, as an allowance for the exhaustion of the leasehold which it acquired from the partnership of Wright, Rockwell & Wright, an amount computed on the basis of a fair market value of $50,000 at the time of such acquisition, and that it is also entitled to

deduct in computing its net income for the year 1920 the amount it expended in that year in altering its building, and the amount it was subsequently required to expend in 1926 and 1927 on account of the damages done to the building by such alterations. The respondent urges that under section 331 of the Revenue Acts of 1918 and 1921 the basis for computing the exhaustion of the leasehold is the cost thereof to the partnership, and that the amounts the petitioner expended in altering and strengthening its building are capital expenditures and not deductible from income.

Upon consideration of the evidence presented we are of the opinion that the leasehold in question had a fair market value of $50,000 at the time it was acquired by the petitioner from the partnership. The partnership originally paid $8,000 for the lease and expended a considerable amount in improving the building on the premises. The rent reserved in the original lease was $168.42 per month, but at the time the property was sublet to the petitioner it had a monthly rental value of from $750 to $800 per month. The value which we have found for the lease is established by the testimony of several witnesses who are familiar with the property and real estate values in the vicinity. Their testimony, which we need not set forth at length, clearly shows that the leasehold was worth at least $50,000 when the petitioner acquired it.

While under section 331 of the Revenue Acts of 1918 and 1921 the leasehold can not be included in the petitioner's invested capital at any greater amount than it could have been included in the invested capital of the partnership, its fair market value at the time the petitioner acquired it is the proper basis for computing the allowances for its exhaustion. In *George A. Giles Co.*, 4 B. T. A. 335, in passing upon the identical question here presented, this Board said:

Reaching the conclusion that Giles, who owned the assets which were exchanged for the stock, actually had control of the issuance of all the stock, we conclude that a situation is presented which brings the case within the scope of section 331 of the Revenue Act of 1918. The fact that the case comes within the scope of section 331, however, applies only to the invested capital feature and has no relation to the valuation of the leases for the purpose of deductions on account of the exhaustion thereof.

Therefore, the allowance which the petitioner is entitled to deduct for the exhaustion of its leasehold should be computed on the basis of $50,000.

We have carefully considered the evidence relative to the second issue presented by the record but it fails to convince us as to the soundness of the petitioner's contention. It is not certain from the evidence that the placing of ventilating windows in the petitioner's building was wholly due to the city's requirement rather than to a voluntary desire of the petitioner to placate its workmen and provide

them with better working conditions for the mutual benefit of employer and employee, but even if these changes were wholly nonvoluntary on the petitioner's part, we think the cost thereof is not a proper deduction from the petitioner's income. It is probably true that the changes weakened the walls of the building, but they also bettered the working conditions in the building. To that extent, at least, they added to the value of the property. It may also be noted that the petitioner had a choice of at least one other method of providing better ventilation which would not have weakened the walls. That the choice made required a later additional expense in order to restore the walls of the building to their original carrying capacity, is not, in our opinion, a ground for treating as an ordinary and necessary expense that which is properly a capital expenditure. We hold that the amounts in question were capital expenditures and therefore not deductible from income.

*Judgment will be entered under Rule 50.*